# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARTIN, EDWARDS & ASSOCIATES, INC.<br>P.O. Box 35<br>Erwin, North Carolina 28339<br><br>       Plaintiff,<br><br>   v.<br><br>THE DEPARTMENT OF HEALTH AND<br>  HUMAN SERVICES<br>SERVE: Ronald Machen<br>United States Attorney<br>  for the District of Columbia<br>555 Fourth St., NW<br>Washington, DC 20530<br><br>       Defendant. | Civil Action No. _____ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**COMES NOW** Plaintiff Martin Edwards & Associates, Inc. ("MEA") by and through undersigned counsel and seeks the relief described below.

MEA brings this action for relief under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, <u>as amended</u>, to order the production of agency records relating to Contract No. HHSN273200700002C (the "Contract") awarded by the Department of Health and Human Services ("HHS") subordinate agency the National Institutes of Health ("NIH").

   1. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B).

   2. Plaintiff MEA is the actual requestor of the relevant records sought under the FOIA request at issue here which agency records that have been improperly withheld.

3. Defendant HHS is an agency of the United States, and has possession of and control over the records that plaintiff seeks.

4. By letter sent by facsimile and electronic mail on May 8, 2014, to the Secretary of HHS, Plaintiff requested the following records relating to the Contract.  Specifically MEA asked for the following information:

> 1. A copy of the new contract awarded to the security firm currently providing security services as of January 1,2014 with any modifications.
> 2. Any and all correspondence, emails, memos of record between NIEHS all contracting staff, and Mitch Williams, Steve Herndon and Joellen Austin and Tony Bullock from October 1, 2013 through May 1, 2014.
> 3. Any and all documents that support the allegations that MEA has a history of not compiling with contract and collective bargaining agreements and that MEA is the reason that the guards lost their health insurance coverage.
> 4. Any and all documentation for the past six years that supports that MEA was repeatedly delinquent in providing the required equipment.
> 5. Any and all documentation that MEA was rude and unprofessional for the past six years.
> 6. Any and all documentation that the security guards armed guard licenses expired prior to the ending date of our contract.
> 7. Any and all documentation to support that MEA hampered the onsite security staff to perform their duties.
> 8. Any and all correspondence between Tony Bullock, Terrance Saulters or Danny Sanders to Mitch Williams or Steve Herndon from January 7,2012 through December 3I,2013.
> 9. Any and all correspondence between Tony Bullock and any federal employees at NIEHS or EPA while employed as Project Manager for MEA.

5. By letter, dated May 20, 2014, the HHS FOIA officer acknowledged that she had, or could produce these documents.

6. Having received no further communications or documents from HHS, by letter dated July 10, 2014, MEA appealed the agency's constructive denial of its FOIA request to the designated agency official.  See 45 CFR § 5.34.

7. 5 U.S.C. § 552(a)(6)(A)(i) requires an agency to "determine within 20 days…after the receipt of any such request whether to comply... and shall immediately notify the person making such request of such determination and the reasons therefore." To date MEA has not received any written determination from HHS.

8. 5 U.S.C. § Section 552(a)(6)(C)(i) holds that constructive exhaustion is triggered if an agency does not comply with the twenty working day time limit established by the law. See Pollack v. Dep't. of Justice, 49 F.3d 115, 118 (4th Cir. 1995); see also Spannaus v. U.S. Dept. of Justice, 824 F.2d 52 (D.C. Cir.1987)

9. Plaintiff has a statutory right to the records that he seeks, and there is no legal basis for Defendant's refusal to disclose them to him.

**WHEREFORE**, plaintiff prays that this Court:

(1) Declare that defendant's refusal to disclose the records requested by plaintiff is unlawful;

(2) Order defendant to make the requested records available to plaintiff;

(3) Award plaintiff his costs and reasonable attorneys' fees in this action; and

(4) Grant such other and further relief as the Court may deem just and proper.

                Respectfully submitted,

Date: August 21, 2014         By: __/s/James S. DelSordo_____
                                   James S. DelSordo, Esq.
                                   DC Bar No. 498507
                                   Argus Legal, LLC
                                   9255 Center St.
                                   Suite 370
                                   Manassas, VA 20110
                                   Telephone: (703) 368-8770
                                   Facsimile: (703) 368-8772

                                   Attorney for Plaintiff